**United States District Court**
For the Northern District of California

E-PASS TECHNOLOGIES, INC.,         )
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )   No. C-00-2255-DLJ
3COM CORP. AND PALM, INC.,         )   No. C-03-4747 DLJ
                                   )   No. C-04-0528 DLJ
                Defendant.         )   Related Cases
_____)
                                   )
E-PASS TECHNOLOGIES, INC.          )
                                   )   ORDER
                Plaintiff,         )
                                   )
                v.                 )
                                   )
VISA INTERNATIONAL SERVICE         )
ASSOCIATION, and VISA U.S.A.,      )
INC.                               )
        Defendant.                 )
_____)
                                   )
E-PASS TECHNOLOGIES, INC.          )
                                   )
                Plaintiff,         )
                                   )
                v.                 )
                                   )
PALMONE, INC., PALMSOURCE,         )
INC. AND HANDSPRING, INC.          )
                                   )
                Defendants. )
_____)

    In April 2006, the defendants filed motions for attorneys'
fees. On November 21, 2006, the Court granted the Motions for
Attorneys' Fees in the following cases: E-Pass v. PalmOne, cases
C-00-2255 and C04-0528; E-Pass v. Visa USA and Visa International
Service Association, case C-03-4747; and E-Pass v. PalmSource, case
C-04-0528;. The Court held that each party was entitled to an award
of attorney fees and was to submit to the Court an accounting

detailing their expenses.  E-Pass would then have an opportunity to respond.  The parties submitted their statements. Subsequently, the Federal Circuit entered an Order upholding this Court's granting of summary judgment against E-Pass and denying E-Pass's appeal.  This action led plaintiffs to file additional briefing with the Court on the issue of the scope of their entitlement to fees.  The Court now resolves all outstanding fee related issues.

I.  Background

     The background of the underlying action is set out in detail in this Court's Order of November 21, 2006. On April 3, 2006 all defendants filed motions to recover reasonable attorneys fees and costs under 35 U.S.C. § 285.  The Visa entities also sought sanctions under 28 U.S.C. § 1927, arguing that E-Pass had unreasonably and vexatiously multiplied the proceedings.  The Visa entities sought these sanctions both against E-Pass and also against its counsel.  In its Order of November 21, 2006 the Court found that each of the following cases was exceptional under 35 USC § 285:  E-Pass v. Visa USA (Case 03-4747); E-Pass v. Visa International (Case 03-4747); E-Pass v. PalmSource (Case 04-0528); and E-Pass v. PalmOne, (Cases 00-2255 and 04-0528).

     In the same Order, the Court decided, in the exercise of its discretion under 35 USC § 285 to award Visa USA all of its fees and costs incurred in Case 03-47447.  See Order of November 21, 2006 at

2

United States District Court

For the Northern District of California

45:11-19.  In <u>E-Pass v. Visa International</u>, Case 03-4747, the Court granted the motion for attorney fees under 35 USC § 285, but only as to expenses solely incurred for defense of infringement claims based on the Palm VII, the Zire, the Tungsten and the Treo products.  In the Visa International case the Court deferred a decision on attorney fees for all other purposes until the conclusion of the Federal Circuit appeal.

Similarly, the Court granted the motion for attorney fees under 35 USC § 285 in <u>E-Pass v. PalmOne</u>, but only as to expenses incurred after remand of case 00-2255 from the Federal Circuit, and only as to expenses solely incurred for defense of infringement claims based on the Palm VII, the Zire, the Tungsten and the Treo products.  At that point the Court deferred decision on attorney fees for all other purposes until the conclusion of the Federal Circuit appeal. Finally, the Court granted the Motion for Attorney Fees in <u>E-Pass v. PalmSource</u> (Case 04-0528).

The Federal Circuit heard oral argument on E-Pass' appeal on December 4, 2006 and rendered a decision on January 12, 2007.  The Federal Circuit affirmed this Court's granting of summary judgment in all respects.  <u>See</u> <u>E-Pass Technologies, Inc. V. 3Com Corp, et. al.</u>, 473 F.3d 1213 (Fed. Cir. 2007).  On January 26, 2007 E-Pass petitioned for a rehearing and a rehearing <i>en banc</i>.  The Federal Circuit denied both requests on February 21, 2007 and issued its mandate on February 26, 2007.  Subsequent to the Federal Circuit's

orders, the parties filed renewed motions for attorney's fees seeking fees on those issues which this Court had deferred ruling upon pending the Federal Circuit appeal. E-Pass filed responsive pleadings to the renewed motions. Therefore the issues which this Court had deferred until resolution of the appeal are also now before the Court.

II.  Legal Standard

Defendants have brought their request for attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B); Civil Local Rule 54-6, and 35 U.S.C. § 285. 35 U.S.C. § 285 provides: "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The purpose of the statute is to "compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." Automated Business Cos. v. NEC Am., Inc., 202 F.3d 1353, 1355 (Fed. Cir. 2000) quoting Central Soya Co. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed. Cir. 1983). The party seeking attorney fees must prove by clear and convincing evidence that the case is "exceptional." Monster Cable Prods. v. Quest Group, 2005 U.S. Dist. Lexis 23466, *10 (N.D. Cal. 2005).

The Court must engage in a two part test to determine whether to award a party attorney fees under § 285. The court must first make a factual determination as to whether the case is "exceptional." If the Court decides that it is an "exceptional"

United States District Court
For the Northern District of California

case, then it may use its discretion to determine whether or not an award of attorney fees is appropriate.  See Interspiro v. Figgie Int'l, 18 F.3d 927, 933 (Fed. Cir. 1994).

III. Discussion

    A.  The Visa Defendants

        1.  Visa USA

    As noted above, the Court is required first to determine as a matter of fact whether the case was "exceptional." Interspiro v. Figgie Int'l, 18 F.3d 927, 933.  This Court has concluded that the case against Visa USA is "exceptional" within the meaning of 35 U.S.C. § 285.

    This Court had awarded Visa USA all of its fees and costs.  The Visa entities combined seek a total of $1,112,935.50 in attorney fees and $28,714.90 in costs. According to the declaration of Julie Han in support of the fee request, the Townsend law firm represented both Visa USA and Visa International in the suit.  Both Visa USA and Visa International share equally in the fees and expenses incurred on the action.  "Each party pays 50% of the fees and costs billed by Townsend."  Han Decl. of January 8, 2007 at ¶ 2.

    While the Court awarded all of its fees to Visa USA, E-Pass still requests that the Court scrutinize Visa USA's fee request arguing that "Visa U.S.A.'s defense focused on establishing that it did not attend the Palm V presentations at issue." See E-Pass

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Response of February 27, 2007 at 3:1-2. Since E-Pass steadfastly refused throughout the litigation to clarify its contentions, the Court will not limit Visa USA's fee request.   There is no question that Visa USA was required to address much more throughout the litigation than merely its presence at the demonstrations.   The Court, therefore, awards Visa USA $556,467.75 in attorney fees and $14,357.45 in costs, subject to the reductions discussed below.

2.   <u>Visa International</u>

As to Visa International, the Court ultimately concluded that E-Pass had engaged in vexatious or unjustified litigation and that the suit against Visa International was frivolous, warranting a determination that the litigation was "exceptional" under § 285. See <u>Amsted Indus., Inc. v. Buckeye Steel Castings Co.</u>, 23 F.3d 374, 376 (Fed.Cir.1994). This Court had left open the total scope of the award of fees and costs to Visa International pending the Federal Circuit's determination. As noted above, the original fee award covered only fees related "solely incurred for defense of infringement claims based on the Palm VII, the Zire, the Tungsten and the Treo products."   The Court deferred deciding at that point any award of fees relating to the Palm V.

On appeal, the Federal Circuit concurred with this Court's analysis that E-Pass had failed entirely to present evidence of infringement.   The Federal Circuit referred to E-Pass's position as "fatally flawed," and noted that "[e]ven when all of the evidence

6

**United States District Court**
For the Northern District of California

that E-Pass cites to is accounted for, its claim cannot survive summary judgment." Similarly, the Federal Circuit rejected E-Pass's argument under the doctrine of equivalents finding E-Pass's efforts to demonstrate infringement under that doctrine to be "totally defective."

As the basis for their renewed request for fees, Visa International argues that as E-Pass never clearly defined the scope of its infringement contentions, that the Visa entities were forced to litigate throughout this case "not only the infringement charges with respect to the two demonstrations, but also those with respect to other unspecified activities." See Visa Accounting at 2:13-22. Visa asserts it should therefore be entitled to recoup all of its fees, not just those for the CES and in-house demonstration.

For ease of Court review, the Visa entities have broken the fees and costs down into time periods. Again, as noted above, each of the fee and costs figures below represents the total amount incurred by Visa USA and Visa International, which the Visa entities argue should be split in half for each.

The first time period is October 2003 until April 12, 2005. This period covers the period from the filing of the Complaint against Visa until the ruling on the original motion to dismiss. As noted above. In its order on Visa's motion to dismiss, the Court found the E-Pass's allegations "minimalist" and "conclusory" but sufficient to survive a motion to dismiss. Visa seeks a total of

$122,631 in fees and costs of $5,111.20 for this time period.

The second time frame for which the Visa entities seek fees is from the April 12, 2004 Order on the Motion to Dismiss until the June 8, 2004 Order on Status Conference. During this April to June time period, the Visa entities were preparing answers, counterclaims and preparing for the Joint Case Management Conference. The total of fees for this time period were $51,703 and costs equaling $284.43.

The third time period is from June 8, 2004 until the October 29, 2004 Summary Judgment motion hearing. During this time period, Visa argues that it was responding to discovery requests and preparing and filing a motion for summary judgment. The fees associated with this time period are $180,211 and costs equaling $6,733.66.

The fourth time period is from the October 29, 2004 Summary Judgment hearing until the February 25, 2005 Claim Construction Order. During this time period, Visa conducted claim construction proceedings including making disclosures, and filing their claim construction brief as well as preparing for and attending the claim construction hearing. The total of fees for these activities was $130,175 and costs of $5,123.94.

The fifth time period is February through May 2005. During this time period the Visa entities were responding to further discovery requests and also filing supplemental summary judgment

United States District Court

For the Northern District of California

motions.  As E-Pass argued at the summary judgment hearing that the Court should not rule on the motions as E-Pass had not had sufficient opportunity to take discovery.  The Court granted E-Pass' request.  The total of fees incurred by the Visa entities during this time frame was $213,065.50 and an additional $2,809.29 in costs.

The sixth time period, was from May 2005 until August 31, 2006. During these months the Visa entities were gathering responsive discovery materials and filing for a protective order regarding access by its counsel, Stephen Weiss, to the materials.  The Magistrate Judge ordered a hearing on the issues encompassed in the protective order.  Ultimately, the Magistrate Judge denied Visa's request for a protective order.  In August 2005 the Visa entities filed additional motions for summary judgment. In March of 2006, the Court granted these motions for summary judgment.  Total fees requested for this time period are $213,065.50 and $2,809.29 in fees.

E-Pass raises numerous objections to the Court granting the Visa entities fees request.  E-Pass first argues that the Visa entities have requested "all" fees" and not "reasonable" attorney fees as authorized under 35 U.S.C. § 285.  E-Pass argues that the fees requested are not reasonable because: (1) they request fees for work done in conjunction with the Palm V, which the Court excluded from recovery; (2) they request fees for unrelated proceedings such

9

United States District Court

For the Northern District of California

as motions to disqualify plaintiff's counsel, seeking protective orders, reviewing briefs from an ancillary law suit, searching for expert witnesses, and preparing for appeal; (3) that the amount requested must be reduced as it contains requests for hours which are excessive and/or redundant; (4) that the request impermissibly seeks Expert-Related Fees; and (5) that Visa has asked for impermissible overhead costs.  E-Pass also asserts that since the hours requested cover topics beyond those permitted to be recovered by Visa International under this Court's November 11, 2006 Order, that the fee request is really in the nature of an impermissible motion for reconsideration. Finally, E-Pass takes issue with the fact that the Visa entities have simply split the fees down the middle for the separate legal entities: Visa USA and Visa International. Visa seeks to have the Court enter a fees Order against both E-Pass and its counsel jointly.  The Court will now review each of these contentions.

(A)   Fees for the Palm V?

As noted above, E-Pass asserts that the Visa fee request covers work performed regarding the Palm V, which was outside the scope of the Court's November 21, 2006 Order. While this argument had merit prior to the issuance of the Federal Court Order on the appeal, the November 21, 2006 Order made it clear that the issue of whether Visa could seek fees for the Palm V could be revisited upon issuance of the Federal Circuit Order.

10

**United States District Court**
For the Northern District of California

In its Order, the Federal Circuit not only affirmed this Court's finding of summary judgment, but it concluded that E-Pass's arguments were "fatally flawed" and, more specifically, that E-Pass had presented no evidence to support its claims.  E-Pass's choice of litigation strategy forms the basis for the Court's sanction award. The Federal Circuit's Order serves only to affirm this Court's finding that sanctions are warranted, and are warranted on all aspects of the litigation, including claims based on the Palm V.

(B)  Fees for "Collateral" Proceedings

E-Pass argues the Visa defendants' billing records reveal that Visa spent time on matters which were collateral to the case, such as seeking to disqualify E-Pass' counsel, reviewing briefs in related litigation, and seeking protective orders regarding documents.  The Court concurs that these matters are peripheral to the core of the case and grants E-Pass' request to strike $150,416.09 in fees as outlined in the Weiss Declaration of February 21, 2007.  (Half of this amount is to be subtracted from the award to Visa International and half from Visa USA.)

Similarly, the fee request includes entries for work related to the appeal.  As fees for work on the appeal are outside the jurisdiction of this Court, this amount, $114,988.64 should also be stricken.

While the case was on appeal, Visa filed with the Federal

11

United States District Court

For the Northern District of California

Circuit a motion for sanctions under Rule 38 based on the argument that the appeal was frivolous.  The Federal Circuit denied the motion.  E-Pass now asserts because the Federal Circuit did not award Visa sanctions for the appeal, this Court cannot award further sanctions.  This argument has no basis in fact or law. This Court still has authority under 28 U.S.C. § 1927 to determine whether sanctions are appropriate.

E-Pass also argues that Visa's Renewed Request for sanctions is an impermissible request for reconsideration.  In so arguing, E-Pass ignores the language of the November 2006 Order.  In its Order of November 2006, this Court specifically reserved the issue of whether additional sanctions might be imposed upon completion of the appeal, so E-Pass has been on notice of the Court's position on additional sanctions and Visa's renewed request was contemplated by that Order.

(C)  <u>Reasonable Fees</u>

E-pass argues to the Court that Visa's fees are excessive and redundant and should be reduced.  As support for the proposition they cite to <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) <u>Hensley</u> does stand for the proposition that the district court should exclude from this initial fee calculation hours that were not "reasonably expended . . .Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. Id. At 434.   In Hensley, however, the Supreme Court looked at the issue of the reasonableness of the hours requested as part of its analysis about the level of victory achieved by the prevailing party.   Here, as defendants prevailed in their entirety, the proscriptions of Henley do not apply.

The Weiss Declaration identifies fees it contends to be excessive.   The Court disagrees and finds that the identified items are not shown to be excessive.   Based on that finding, any further consideration by the Court as to the requested deductions would require the Court to engage in an unwarranted level of second-guessing.

(D)   <u>Expert-Related Fees</u>

E-Pass requests reductions based on its argument that Visa impermissibly seeks fees related to expert witnesses.   E-Pass cites to <u>Amsted Industries Inc. v. Buckeye Steel Castings Co.</u>, 23 F.3d 374, 379 (Fed. Cir. 1994) as support.   In <u>Amsted</u>, a patent case, the district court granted Amsted's motion for enhanced damages and attorney fees under 35 U.S.C. §§284, 285.   The fee request, which was granted in full, included expert witness fees of $46,453.61.   On appeal, the Federal Circuit held that recovery of expert witness fees was outside the purview of the statute.   Visa is not seeking reimbursement for expert witness fees.   As E-Pass recognizes, the

13

**United States District Court**
For the Northern District of California

fees requested are for attorney efforts related to the potential need for experts.  While E-Pass claims that these efforts were premature, again the Court will not second-guess reasonable attorney conduct of a litigation strategy for the case.

(E)  Overhead Costs

E-Pass seeks to have the Court strike $616.35 in fees attributable to librarians and other overhead-related time.  Howes v. Medical Components, Inc., 761 F.Supp. 1193 (E.D.PA. 1990), cited by E-Pass, does in fact stand for the proposition that in a patent case, charges for overhead, such as expenses for secretarial time, word processing equipment, and library services should not be allowed.  See also PPG Industries, Inc. v. Celanese Polymer Specialties Co., 658 F.Supp. 555, 559 (W.D.Ky.1987; Trend Products Co. v. Metro Industries Inc., 10 U.S.P.Q.2d 1539 (C.D.Cal.1989).  Thus, the Court disallows the overhead charges requested by Visa in the amount of $616.35 as set out in the Weiss Declaration.

(F)  Award Against Counsel

Visa urges the Court to make both E-Pass and its counsel jointly and severally liable for any fee award. This fee request is based on Visa's assertion that as of March 2007 E-Pass had not paid the Visa entities the costs taxed by the Clerk of Court in the fall of 2006.  Neither had E-Pass paid the costs awarded to Visa by the Federal Circuit.  As support for its argument that sanctions are appropriate against both E-Pass and its counsel, Visa cites 28

14

U.S.C. § 1927 (2207), which provides in pertinent part that "[a]ny attorney . . .who so multiplies the proceedings in any case unreasonably and vexatiously .. ." may have sanctions imposed against him. Visa looks to <u>Phonometrics, Inc. v. Westin Hotel Co</u>, 350 F.3d 1242 (Fed. Cir. 2003) as the basis for this Court being able to award sanctions jointly against E-Pass and its counsel.

In <u>Phonometrics</u>, after the District court entered judgment in favor of Westin, Westin requested attorney fees and costs pursuant to both 35 U.S.C. § 285 and 28 U.S.C. § 1927. The District court found that Phonometrics' continued maintenance of their action after the Federal Circuit had issued an opinion in a related matter clearly invalidating their position, was "vexatious, supported an 'inference of bad faith' and 'resulted in unjustified multiplication of proceedings." The District court imposed liability in <u>Phonometrics</u> for all attorney fees and costs incurred by Westin pursuant to 35 U.S.C. § 285 and on Phonometrics' counsel pursuant to 28 U.S.C. §1927.  The District Court also held that Phonometrics never articulated a viable infringement theory.  This finding was upheld on appeal.  The court further found that Phonometrics "continued to litigate this case knowing that its claim could not meet the standard for infringement" therefore violating section 1927. <u>See</u> <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1582 (11th Cir.1991) (affirming an award of fees and costs pursuant to 28 U.S.C. § 1927, noting "[w]hen it becomes apparent that discoverable evidence will

15

not bear out the claim, the litigant and his attorney have a duty to discontinue their quest"). The award of fees against counsel was also based in part on the long history of the case and of related cases all in front of the same judge. The District Court held that each case which had been resolved in a way which undercut Phonometrics case "presented Phonometrics and its counsel not merely the opportunity, but the obligation, to reconsider the viability of Phonometrics' claims in light of the evidence, and to refrain from further prosecution. Phonometrics never chose the latter course, even when that opportunity was specifically presented." Id.

In many ways the Phonometrics case is similar to the case at bar, but it is not exactly on point. Both this Court and the Federal Circuit have found that despite ample opportunity, E-Pass presented no evidence of infringement. See also Byrnes v. Lockheed-Martin, Inc., where the fact that plaintiff had lack of evidence to file a defamation claim becomes clear at plaintiff's deposition, but plaintiff's counsel specifically refused to dismiss the claim after receiving defendants' warning letter regarding sanctions.

Additionally, like Phonometrics, E-Pass has throughout the litigation morphed its contentions to fit whatever argument it thought would allow it to survive to the next proceeding.

Despite these similarities, the E-Pass cases still does not rise to the level of egregious conduct found in Phonometrics. Absent the blatant and sustained abuse of the court process which occurred

16

United States District Court

For the Northern District of California

in that case, this Court does not see the joint award of fees requested here as sound policy.  Moreover, other cases on the issue of joint sanctions suggest that the Court proceed very cautiously in this regard.  <u>Toth v. Trans World Airlines, Inc</u>., 862 F.2d 1381, 1386 (9th Cir. 1988).  In <u>Toth</u>, appellants did not fully comply with the magistrate's discovery orders. By the date of the hearing on the motion to dismiss appellants had yet to comply with the magistrate's discovery orders. The court granted appellants two extensions of time within which to comply with the outstanding orders. By the time of the third hearing appellants still had not fully complied with the district court's orders and therefore the Court dismissed the case and imposed sanctions jointly against Thornally and Toth.  On appeal the Ninth Circuit found the joint award to be an abuse of discretion to the extent that such expenses were not "incurred as a result of plaintiff's and plaintiff's counsel's disobedience of ... Court[] orders."  In contrast, counsel for E-Pass did not disobey any specific order of the Court.  Inability to reach agreement with opposing counsel did give rise to numerous motions both before the Magistrate Judge and before this Court, but none of those motions resulted in sanctions for non-compliance. Given the record as a whole, the Court finds that while counsel for E-Pass made tactical decisions which had the effect of prolonging the proceedings, those actions were not so egregious as to warrant a joint award of attorney fees.

17

B.   <u>The Palm Defendants' Motion for Attorney Fees</u>

1.   <u>PalmSource</u>

In its Order of November 21, 2006 the Court found that the cases involving palmOne and PalmSource had "a litigation history of questionable pre-filing investigation and a discovery strategy of unwarranted delay and obstruction, which supported a finding that they are 'exceptional'."

In its Order of November 21, 2006, this Court found that E-Pass's allegations of inducing infringement against PalmSource had changed over time.  After undergoing many permutations, E-Pass's ultimate infringement contentions reverted back to the overly spare format which the Court had found unacceptable in two prior rounds of motions for inadequate disclosure under the Court's local rules for patent cases.

As the Court noted in its March 17, 2006 Order, "there is no evidence that the patented method has ever been practiced on any one the [accused] devices." All of the above, left PalmSource arguing that it should never have been a party to this case, and that as a party, Palmsource was "unnecessarily abused" by E-Pass.  <u>See</u> August 11, 2006 Hearing Transcript at 28:14-18.

On January 5, 2007 PalmSource submitted an accounting of expenses incurred.  This accounting requested fees and expenses in the amount of $1,026,333.50 in fees and $32,432.57 in costs related to the resolution of the case including expenses for bringing the

18

motion for attorney fees but did not include costs related the appeal of the case.  See PalmSource Accounting dated January 5, 2007 at p.2.

E-Pass makes many of the same arguments against PalmSource that it made against Visa and which are discussed in greater detail above.

(A)  Fees for "Collateral" Proceedings

E-Pass argues that the PalmSource defendants' billing records reveal that PalmSource spent time on matters which were collateral to the case, such as seeking to disqualify E-Pass' counsel and reviewing briefs in related litigation.  Unlike the Court's Order in regard to Visa and to the other Palm defendants which was limited on the topics about which those defendants could seek fees, the Order did not contain similar limitations for PalmSource. Nonetheless, the Court finds that these matters where peripheral to the core of the litigation and excludes from recovery fees in the amount of $86,521.50 for these ancillary matters.

(B)  Reasonable Fees

E-pass argues to the Court that PalmSource's fees are excessive and redundant and should be reduced.  As support for the proposition they cite to Hensley v. Eckerhart, 461 U.S. 424 (1983) As discussed above, Hensley is not directly on point.  Again, while the Weiss Declaration identifies fees it terms as excessive, the Court finds that the identified items are not so excessive as to require

reduction, and for the Court to make the requested deductions would require the Court to engage in a level of second-guessing which is not warranted.

(C)  Expert-Related Fees

E-Pass requests reductions based on its argument that PalmSource impermissibly seeks fees related to expert witnesses. Amsted Industries Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 379 (Fed. Cir. 1994). Similar to Visa, PalmSource is not seeking reimbursement for expert witness fees. As E-Pass notes, the fees requested are for attorney efforts related to the potential need for experts. While E-Pass claims that these efforts were premature, again the Court will not second guess attorney efforts to conduct the litigation strategy for the case.

(D)  Fees for Overhead

E-Pass seeks to have the Court strike $234.18 in fees attributable to librarians and other overhead-related time. Howes v. Medical Components, Inc., 761 F.Supp. 1193 (E.D.PA. 1990), cited by E-Pass, does in fact stand for the proposition that in a patent case, charges for overhead, such as expenses for secretarial time, word processing equipment, and library services should not be allowed. See also PPG Industries, Inc. v. Celanese Polymer Specialties Co., 658 F.Supp. 555, 559 (W.D.Ky.1987; Trend Products Co. v. Metro Industries Inc., 10 U.S.P.Q.2d 1539 (C.D.Cal.1989). Thus, the Court disallows the overhead charges requested by

PalmSource in the amount of $ 234.18 as set out in the Weiss Declaration at Exhibit G.

2. <u>The Other Palm Defendants</u>

The Palm defendants (3Com, Palm and palmOne) argued that E-Pass's allegations against them were frivolous from the outset and also that E-Pass vexatiously prolonged the litigation, together rising to the level of abusive conduct.

The Court found that E-Pass's litigation tactics were similarly abusive to the other Palm defendants as they had been to PalmSource. Throughout the litigation, defendants were forced to expend resources merely to attempt to have E-Pass clearly define its claims.  In addition to changing theories of liability, E-Pass altered the scope of allegedly infringing devices as the case progressed, despite representations by plaintiff counsel that it would not do so.

Accordingly on November 21, 2006 the Court granted the Palm defendants Motion for Attorney Fees and ordered the Palm defendants to submit an accounting detailing the expenses they incurred in defendant the suit.  As per the Order, the submission only included expenses incurred after the remand of Case C00-2255.

On January 5, 2007, the Palm defendants submitted a filing requesting a total of $592,737.50 in attorney fees.  This amount was broken down into four separate requests.  First, the Palm defendants state that they incurred $425,016.50 in legal fees in their defense

United States District Court

For the Northern District of California

of E-Pass's infringement claims based upon the Palm VII, Zire, Tungsten and Treo products.  Second, the Palm defendants seek $17,351.50 in legal fees in their defense of E-Pass's infringement claims based upon the LifeDrive, which product E-Pass belatedly and improperly attempted to inject into the litigation.  Third, the Palm defendants state that as a "proximate result of E-Pass' infringement claims, the Palm defendants developed both invalidity and enforceability defenses regarding the '311 patent.  The Palm defendants seek an additional $118,819.50 in legal fees regarding these defenses.  The Palm defendants concede that the Court did not grant these fees in its prior Order, but argue that these fees were a "natural result" of E-Pass' infringement claims.

Finally, the Palm defendants request $31,550.00 in legal fees relating to their motion for attorneys' fees and for the work preparing the Bill of Costs.  The Palm defendants again assert that they should be awarded these fees, since "but for E-Pass' infringement claims" they would not have been incurred.

On January 22, 2007, the Palm defendants submitted a supplemental submission.  In this pleading, the Palm defendants request and additional $147,312.  This amount represents the legal fees expended responding to E-Pass' appeal to the Federal Circuit of the Order granting summary judgment in favor of defendants.

E-Pass responds to the Palm defendants' submission as follows: first, E-Pass alleges that the fees sought by the Palm defendants

exceed those authorized by the November 21, 2006 Order.  As noted above, the Court's Order held that fees were awarded to the Palm defendants only as to expenses incurred after remand of case 00-2255 from the Federal Circuit and a to expenses solely incurred for defense of infringement claims based on the Palm VII, the Zire, the Tungsten and the Treo products.  E-Pass contends that a "close analysis of the Palm Defendants' Accounting reveals that they seek fees that are inconsistent with the Court's Order and settled case law."

    (A)   <u>Reasonable Fees</u>

    Like its argument against Visa, E-Pass renews its argument that Palm's requested hours are unreasonable.  In this instance, E-Pass points to no specific instances as unreasonable and the Court has no evidence in front of it to suggest that this is the case.

    (B)   <u>Fees for the Palm V</u>

    E-Pass specifically argues that the Palm defendants seek fees which include both permissible products which were the subject of the fee award (the Palm VII, the Zire, Tungsten and Treo products) but also for the Palm V.  E-Pass asserts that some portion of these fees attributable to the Palm V must be reduced.  However, as more fully discussed above, based on the Federal Circuit's findings, this Court finds that inclusion of fees related to the Palm V is appropriate.

    (C)   <u>Fees for the LifeDrive</u>

23

United States District Court

For the Northern District of California

While this Court did not previously state that fees should be recoverable based on the LifeDrive product, Palm reminds the Court that it found that E-Pass's attempts to belatedly inject this product into the case to be completely inappropriate.  E-Pass had never listed the LifeDrive in its complaint or its infringement contentions.  Nor did it seek leave of Court to amend these contentions.  As the Court held in its November 21, 2006 Order, E-Pass' Motion for Summary Judgment on the LifeDrive was totally without merit.  The Court's failure to include the LifeDrive as a permissible product for reimbursement of legal fees was an oversight.  The same findings of extraordinariness which apply to the Tungsten, and Treo apply with greater force to the LifeDrive which was added to the litigation by E-Pass in violation of all procedural requirements.  Therefore, the Court grants in whole, Palm's request for $17,351.50 in legal fees related to defense of infringement claims based on the LifeDrive.

(D)   Fees Related to Invalidity and Unenforceability

The Palm defendants seek reimbursement of $118,819.50 for preparation of submissions on the issues of invalidity and unenforceability.  While these arguments are not explicitly authorized by the Court's Order, Palm argues that the were a proximate result of E-Pass' infringement claims.

E-Pass counters that both the amount of these fees is extraordinary and that it should be denied as outside the scope of

24

United States District Court
For the Northern District of California

the Court's November 2006 Order.  The Court never reached the merits of the invalidity and enforceability arguments. Nevertheless, these defenses are part and parcel of the defenses which must be assessed by defense counsel in every claim of patent infringement. The Court sees no reason to exclude the fees simply because the claim was resolved on another ground.

(E)  Fees for "Collateral" Matters

E-Pass argues the Palm defendants' billing records also reveal that Palm spent time on matters which were collateral to the case, such as seeking to disqualify E-Pass' counsel, and reviewing briefs in related litigation.  The Court concurs that these matters are peripheral to the core of the case and grants E-Pass' request to strike $26,241.50 in fees as outlined in the Weiss Declaration of February 21, 2007.

(F)  Expert-Related Fees

E-Pass requests reductions based on its argument that Palm also impermissibly seeks fees related to expert witnesses.  As discussed above, Palm is not seeking reimbursement for expert witness fees, rather for fees related to attorney efforts to find and set parameters for potential experts.  While E-Pass claims that these efforts were premature, again the Court will not second guess attorney efforts to plan out the litigation strategy for the case.

ACCORDINGLY:

The Court, therefore, awards:

(1) Visa USA $423,457.21 in attorney fees and $14,357.45 in costs;

(2) Visa International $423,457.21 in attorney fees and $14,357.45 in costs;

(3) PalmSource $907,145.32 in fees and $32,432.57 in costs;

(4) the Palm Defendants (3Com, Palm and palmOne)$566,496.00 in fees.


IT IS SO ORDERED

Dated: November 14 , 2007

D. Lowell Jensen
United States District Judge

26