NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1144, -1145, -1146, -1470, -1471, -1472

E-PASS TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

3COM CORPORATION (also known as 3COM, Inc.),
PALM, INC., PALMONE, INC. and HANDSPRING, INC.,

Defendants-Appellees,

and

VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC.,

Defendants-Appellees,

and

ACCESS SYSTEMS AMERICAS, INC. (formerly Palmsource, Inc.),

Defendant-Appellee.

# Judgment

ON APPEAL United States District Court for the Northern District of California in CASE NO(S) 00-CV-2255, 03-CV-4747 and 04-CV-0528.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

Per Curiam (BRYSON, LINN, and PROST, Circuit Judges.)

AFFIRMED. See Fed. Cir. R.36

*FILED*
MAY 0 4 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

C00-2255DLJ
C03-4747DLJ
C04-528DLJ

Issued as Mandate: APR 2 7 2009
COSTS:
Printing ......... $235.97
Total ............ $235.97

*FILED*
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT
MAR 2 0 2009
JAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: [signature]   Date: APR 27, 2009
DATED: MAR 2 0 2009

ENTERED BY ORDER OF THE COURT

[signature]

Jan Horbaly, Clerk

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1144, -1145, -1146, -1470, -1471, -1472

E-PASS TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

3COM CORPORATION (also known as 3COM, Inc.),
PALM, INC., PALMONE, INC. and HANDSPRING, INC.,

Defendants-Appellees,

and

VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC.,

Defendants-Appellees,

and

ACCESS SYSTEMS AMERICAS, INC. (formerly Palmsource, Inc.),

Defendant-Appellee.

Daniel M. Cislo, Cislo & Thomas, LLP, of Santa Monica, California, argued for plaintiff-appellant.  With him on the brief were Kelly W. Cunningham, and Mark D. Nielsen.

Edward H. Sikorski, DLA Piper US LLP, of San Diego, California, argued for defendants-appellants 3Com Corporation, et al.  With him on the brief were Vincent S. Lam; and M. Elizabeth Day, of East Palo Alto, California.

Madison C. Jellins, Alston and Bird LLP, of Palo Alto, California, argued for defendants-appellees Visa International Service Association, et al.  With him on the brief was Julie J. Han, Townsend and Townsend and Crew LLP, of Palo Alto, California.

Andrew T. Oliver, Ropes & Gray LLP, of Palo Alto, California, argued for defendant-appellee Access Systems Americas, Inc.  With him on the brief was Mark D. Rowland.

Appealed from:  United States District Court for the Northern District of California

Senior Judge D. Lowell Jensen

Form 24

FORM 24. Bill of Costs

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: _____

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment.)

Docket No(s): A: 2008-1144, -1145, -1146    Caption: B: E-PASS TECH V. 3COM ET AL

The Clerk is requested to tax the following costs against: C: E-PASS TECHNOLOGIES, INC.

| ITEM | Number of copies | | Number of pages | Actual cost | Allowable cost | Total billed | Total taxed |
|---|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxx | | xxxxx | D: | | | |
| Table of Designated Materials (original) | xxxxx | | E: | F: | 6.00 | | |
| Table of Compilation of Designated Materials (copying and collating) | G: | | H: | | 0.08 | | |
| Brief (original) | xxxxx | | E: | 27 | 5,350 | 6.00 | 144.45 | 144.76 |
| Brief (cover and binding) | G: | 22 | xxxxx | | | 2.00 | 44.00 | 44.00 |
| Brief (copying and collating) | G: | 22 | H: | 27 | | 0.08 | 47.50 | 47.52 |
| Appendix (original - table of contents) | xxxxx | | E: | | | 6.00 | | |
| Appendix (covers and binding) | G: | | H: | | | 2.00 | | |
| Appendix (copying and collating) | G: | | H: | | | 0.08 | | |
| Reply Brief (original) | xxxxx | | E: | | | 6.00 | | |
| Reply Brief (covers and binding) | G: | | xxxxx | | | 2.00 | | |
| Reply Brief (copying and collating) | G: | | H: | | | 0.08 | | |
| Other (describe): | I: | | J: | | | | | |
| GRAND TOTALS | | | | | | | 235.97 | 235.2 |

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT
APR 02 2009
JAN HORBALY
CLERK

City/County of Palo Alto, County of Santa Clara    District/State of Northern District of California    ) SS

I, K: Madison C. Jellins    , swear under penalty of perjury that the services for which costs are taxed were necessarily performed.  Itemized statements of the costs incurred or invoices are attached.  Copies of this bill were served on all parties.  The certificate of service is attached.

Signature: _____    Date: 4/1/09    Attorney for: L: Visa Int'l Service and Visa U.S.A.

146

## CERTIFICATE OF SERVICE
E-Pass Tech v. 3Com, Nos. 2008-1144, -1145, -1146

I am over the age of eighteen (18) years, employed in the State of California, and not a party to the above-entitled action. My business address is Alston & Bird, 3000 El Camino Real, 4th Floor, Palo Alto, California, 94306.

On the 1st day of April, 2009, I served **Appellee Visa International Service Association and Visa U.S.A. Inc.,'s Bill of Costs** Upon:

Daniel M. Cislo, Esq.
Kelly W. Cunningham, Esq.
Cislo & Thomas LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Email: dancislo@cislo.com
Email: kcunningham@cislo.com

M. Elizabeth Day
Vincent Lam
DLA Piper Rudnick Gray and Cary
2000 University Avenue
East Palo Alto, CA 94303
Email: Elizabeth.day@dlapiper.com
Email: vincentlam@dlapiper.com

Andrew T. Oliver, Esq.
Townsend and Townsend and Crew
379 Lytton Avenue
Palo Alto, CA 94301
Email: atoliver@townsend.com

Edward H. Sikorski
John Allcock
DLA Piper Rudnick Gray Cary
401B Street, Suite 2000
San Diego, CA 92101
Email: jallcock@dlapiper.com
Email: ed.sikorski@dlapiper.com

Via Fedex, overnight delivery, by causing 2 true copies of each, enclosed in a properly addressed wrapper, in an official depository of Federal Express.

Dated:  April 1st, 2009

*Esther Melcher*

Esther Melcher

1 of 1

**COUNSEL PRESS LLC**
**PO Box 1053**
**New York, NY 10018-9998**
**(800) 427-7325**

# INVOICE

Townsend and Townsend and Crew

379 Lytton Avenue
Palo Alto, CA 94301-1431

ATTENTION: Julie J. Han, Esq.

CASE NAME: E-Pass Tech. v. 3 Com Corp.
COURT: USCOA - FC

| | |
|---|---|
| INVOICE NO.: | 8070375 |
| INVOICE DATE: | 07/23/2008 |
| FED.TAX I.D.# | 43-2070509 |
| FILE NO. : | 216850 |
| TERMS : | Due Upon Receipt |

For Reproduction of :

Appellee's Brief

|  | | | | AMOUNT |
|---|---|---|---|---|
| 1.00 | Cover(s) - 1st side | @ | 105.000 | $105.00 |
| 27.00 | Pages | @ | 5.350 | $144.45 |
| 25.00 | Volumes Bound | @ | 4.500 | $112.50 |
| | 1 Filing & 4 Services | | | $170.00 |
| | Federal Express - Service(s) | | | $156.00 |
| | Federal Express - Filing | | | $31.00 |
| | Federal Express - To Client | | | $44.00 |

This Invoice is Due Upon Receipt. Please Show
Invoice Number on Check When Making Payment

JK

| | | |
|---|---|---|
| SUB-TOTAL : $ | 762.95 |
| | 0.00 |
| | 0.00 |
| APPLICABLE SALES TAX: $ | 62.94 |
| **INVOICE TOTAL:** $ | **825.89** |

NEW YORK, NY - WASHINGTON, DC - PHILADELPHIA, PA - LOS ANGELES, CA - BUFFALO, NY - RICHMOND, VA - BOSTON, MA - ISELIN, NJ

# United States Court of Appeals for the Federal Circuit

## 2008-1144, -1145, -1146, -1470, -1471, -1472

E-PASS TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

3COM CORPORATION (also known as 3COM, Inc.),
PALM, INC., PALMONE, INC. and HANDSPRING, INC.,

Defendants-Appellees,

and

VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC.,

Defendants-Appellees,

and

ACCESS SYSTEMS AMERICAS, INC. (formerly Palmsource, Inc.),

Defendant-Appellee.

Daniel M. Cislo, Cislo & Thomas, LLP, of Santa Monica, California, argued for plaintiff-appellant. With him on the brief were Kelly W. Cunningham, and Mark D. Nielsen.

Edward H. Sikorski, DLA Piper US LLP, of San Diego, California, argued for defendants-appellants 3Com Corporation, et al. With him on the brief were Vincent S. Lam; and M. Elizabeth Day, of East Palo Alto, California.

Madison C. Jellins, Alston and Bird LLP, of Palo Alto, California, argued for defendants-appellees Visa International Service Association, et al. With him on the brief was Julie J. Han, Townsend and Townsend and Crew LLP, of Palo Alto, California.

Andrew T. Oliver, Ropes & Gray LLP, of Palo Alto, California, argued for defendant-appellee Access Systems Americas, Inc. With him on the brief was Mark D. Rowland.

Appealed from: United States District Court for the Northern District of California

Senior Judge D. Lowell Jensen

# United States Court of Appeals for the Federal Circuit

2008-1144, -1145, -1146, -1470, -1471, -1472

E-PASS TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

3COM CORPORATION (also known as 3COM, Inc.),
PALM, INC., PALMONE, INC. and HANDSPRING, INC.,

Defendants-Appellees,

and

VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC.,

Defendants-Appellees,

and

ACCESS SYSTEMS AMERICAS, INC. (formerly PalmSource, Inc.),

Defendant-Appellee.

Appeals from the United States District Court for the Northern District of California in case nos. 00-CV-2255, 03-CV-4747 and 04-CV-0528, Senior Judge D. Lowell Jensen.

---

DECIDED:  March 20, 2009

---

Before BRYSON, LINN, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge LINN.  Dissenting opinion filed by Circuit Judge BRYSON.

LINN, Circuit Judge.

On the merits in this appeal, E-Pass Technologies, Inc. ("E-Pass") challenges two final determinations of the U.S. District Court for the Northern District of California (i) concluding that three related cases filed by E-Pass were exceptional under

35 U.S.C. § 285 and (ii) awarding attorneys' fees. <u>E-Pass Techs., Inc. v. 3Com Corp.</u>, Nos. 00-CV-2255, 03-CV-4747, 04-CV-0528 (N.D. Cal. Nov. 21, 2006) ("<u>Decision</u>"); <u>E-Pass Techs., Inc. v. 3Com Corp.</u>, Nos. 00-CV-2255, 03-CV-4747, 04-CV-0528, 2007 WL 4170514 (N.D. Cal. Nov. 14, 2007).   We affirm those rulings today in a separate Judgment under Federal Circuit Rule 36.   This opinion addresses Access Systems Americas, Inc.'s (formerly known as PalmSource, Inc.) ("PalmSource") motion for sanctions, in which it argues that E-Pass's appeal is frivolous as it pertains to PalmSource.   We agree.   Consequently, we grant the motion, but award a different sanction than the one requested.

## I. BACKGROUND

E-Pass is the assignee of U.S. Patent No. 5,276,311 ("the '311 patent"), which is directed to a "method and device for simplifying the use of a plurality of credit cards, or the like."   This litigation commenced in February 2000, when E-Pass filed suit against 3Com Corporation and Palm, Inc. (collectively, "the Palm Defendants"),[1] alleging infringement of the '311 patent.   During the course of the litigation, the district court construed the term "electronic multi-function card" and granted summary judgment of non-infringement based on that construction.   E-Pass appealed.   We reversed the district court's grant of summary judgment, substituted a construction for the "electronic multi-function card" limitation, and remanded for further proceedings in light of the new construction. <u>E-Pass Techs., Inc. v. 3Com Corp.</u>, 343 F.3d 1364, 1365 (Fed. Cir. 2003) ("<u>E-Pass I</u>").

---

[1]   The Palm Defendants also include palmOne, Inc. and HandSpring, Inc., which were later sued in the action involving PalmSource.

E-Pass filed two new related suits in the same court following E-Pass I. In October 2003, it filed suit against Visa International and Visa U.S.A. for infringement of the '311 patent. In February 2004, it also filed suit against PalmSource for infringement of the '311 patent. The district court grouped these cases together as related, and subsequently granted summary judgment of non-infringement for all defendants. E-Pass again appealed the district court's grant of summary judgment. This time we affirmed, agreeing with the district court that E-Pass failed to provide evidence showing that any defendant practiced all the steps of the claimed method. See E-Pass Techs., Inc. v. 3Com Corp., 473 F.3d 1213, 1221 (Fed. Cir. 2007) ("E-Pass II").

Following entry of judgment but prior to E-Pass II, the district court, on the defendants-appellees' motions, deemed each of the three actions exceptional under 35 U.S.C. § 285 and awarded attorneys' fees. Although the district court analyzed separately why each of the three actions filed and maintained by E-Pass was exceptional, its ultimate rationale centered on the adequacy of E-Pass's pre-filing investigations and its repeated misconduct throughout the litigation. E-Pass's appeal on the merits challenged the district court's exceptionality findings and awards of attorneys' fees. PalmSource argues that E-Pass's appeal is frivolous as it relates to PalmSource based on E-Pass's failure to identify a reversible error of the district court and its repeated misrepresentations to this court.

## II. DISCUSSION

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.

An appeal can be "frivolous as filed" and/or "frivolous as argued." An appeal is frivolous as filed "when an appellant grounds his appeal on arguments or issues that are beyond the reasonable contemplation of fair-minded people, and no basis for reversal in law or fact can be or is even arguably shown." Abbs v. Principi, 237 F.3d 1342, 1345 (Fed. Cir. 2001) (internal quotations omitted). An appeal is frivolous as argued "when an appellant has not dealt fairly with the court, [or] has significantly misrepresented the law or facts." Id.

We consider this appeal, as it relates to PalmSource, frivolous. Although there is a host of reasons that collectively support our reaching this conclusion, we focus our discussion on two. First, E-Pass "fail[s] to explain how the trial court erred or to present cogent or clear arguments for reversal." See id. at 1345; see also Refac Int'l, Ltd. v. Hitachi, Ltd., 921 F.2d 1247, 1256 (Fed. Cir. 1990) (sanctioning party that failed to point to any basis for reversal in the lower court's decision). Second, E-Pass has made significant misrepresentations of the record and the law to the court. See Abbs, 237 F.3d at 1345; see also Romala Corp. v. United States, 927 F.2d 1219, 1224 (Fed. Cir. 1991) (sanctioning party for, among other things, distorting the lower court's decision). We address each in turn.

We begin by noting E-Pass's failure to clearly or cogently identify a ground for reversal of the district court's decision as to PalmSource. The district court found, after concluding that there was no evidence to support E-Pass's case against the Palm Defendants, see Decision at 40-41, that E-Pass's case against PalmSource was even weaker:

>The direct case against the Palm OS software[2] has the same failures [as the case against Palm Defendants]. Any notion that Palm OS'[s] role as an enabler provides indirect evidence as to its indirect infringement is an even greater failure as it has never been suggested that Palm OS software somehow enables the instruction materials for the PalmOne devices.

Id. at 41. After summarizing the litigation record, the district court found that "[t]he non-existence of any direct infringement evidence to be presented at the time of summary judgment leads inexorably to the conclusion that there was no such evidence known to [E-Pass] at the time these cases were filed." Id. at 44. The district court also found, as it did with respect to each of the cases on appeal, that E-Pass engaged in litigation misconduct. Among other things, the district court found E-Pass guilty of misconduct in the case against PalmSource based on its ever-changing allegations of infringement, id. at 29, its refusal to supplement infringement contentions, id. at 30-31, and its opposition to summary judgment on the basis of lack of discovery and its subsequent failure to take the discovery it had requested and received, id. at 32; see also id. at 40 ("Reviewing the entire history of the litigation, it is clear to this Court that E-Pass's strategy was to delay and obfuscate in an attempt to keep the case alive as long as possible and to stave off summary judgment."). The totality of these circumstances—i.e., the inadequacy of E-Pass's pre-filing investigation and misconduct during the ensuing litigation—led the district court to find the action against PalmSource exceptional and award attorneys' fees.

Despite appealing the district court's exceptionality determination as to PalmSource, E-Pass virtually ignores PalmSource on appeal. Its brief focuses almost

---

2   Palm OS is software owned by PalmSource and licensed for use in the Palm handheld devices alleged to infringe the '311 patent.

entirely on the other defendants-appellees, and in particular, whether the district court erred in finding that infringement did not occur by virtue of two events—i.e., the January 2001 CES demonstration and the March 2001 Visa in-house demonstration—both of which occurred before PalmSource existed, and neither of which were asserted in E-Pass's brief to apply to PalmSource.[3]  Indeed, E-Pass's brief leaves the inescapable conclusion that its strategy is to impugn PalmSource by association.   It repeatedly makes generalized accusations against the "Defendants" or "Appellees" without acknowledging, as the district court correctly did, that the infringement allegations against these parties were different.   Moreover, nowhere does E-Pass specifically challenge any finding of the district court relating to litigation misconduct in the case against PalmSource.   Notably, even after PalmSource put E-Pass on notice of the alleged frivolousness of E-Pass's appeal by requesting sanctions in its brief, E-Pass still failed to clearly or cogently explain in its reply brief why the district court's findings in the PalmSource litigation were clearly erroneous or an abuse of discretion.   The dissent finds that E-Pass raised at least one reasonable ground for appeal against PalmSource—the award of fees for periods prior to litigation misconduct.  With all due respect to our colleague in dissent, we view the record differently.  E-Pass failed to challenge any of the district court's factual findings, and identified no other basis for

---

[3]      In response to PalmSource's motion for sanctions, E-Pass argued, for the first time, that "the 2001 CES demonstration relates to PalmSource since PalmSource admits that, upon its formation in 2001, it obtained from Palm 'substantially all' of the liabilities related to Palm's then-existing operating system and software business." E-Pass's Resp. to PalmSource's Mot. for Sanctions at 5.  It is not entirely clear how this helps E-Pass, nor why if it was so important, E-Pass failed to raise it in its briefs. Because E-Pass failed to raise it in its opening brief, we deem the issue waived. SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("[A]rguments not raised in the opening brief are waived.").

finding an abuse of discretion in calculating fees. Those findings included the conclusion that E-Pass's case against PalmSource had "a litigation history of questionable pre-filing investigation," Decision at 45, which supports an award of fees from the beginning of the case.

We next note E-Pass's multiple misrepresentations to the court. The first significant misrepresentation relates to the record. As we discussed above, the district court's determination that the case against PalmSource was exceptional was based in part upon its finding that there was at least "a serious question" as to E-Pass's pre-filing investigation. See Decision at 40-41; see also id. at 44 ("The non-existence of any direct infringement evidence to be presented at the time of summary judgment leads inexorably to the conclusion that there was no such evidence known to [E-Pass] at the time these cases were filed."). Nevertheless, in its opening brief E-Pass boldly contended that "[t]he District Court specifically found that E-Pass's pre-filing investigation was sufficient to avoid making the case exceptional." E-Pass's Opening Br. at 19; see also id. at 25, 29 (repeating this assertion). This particular statement appears in the "Statement of Facts" section in a discussion that does not distinguish between any of the defendants-appellees, but collectively refers to them all as the "Defendants." Notwithstanding E-Pass's representations to the contrary, the district court did not, in fact, find that E-Pass's pre-filing investigation was sufficient as to PalmSource—or for that matter, the Palm Defendants, or even Visa U.S.A. Rather, the district court found, solely with respect to Visa International (one of seven defendants-appellees), in a section of the decision entitled "Visa International," that "[w]hile E-Pass'[s] minimalist pre-filing investigation in and of itself, may not make the case

exceptional, when combined with its litigation misconduct, this case becomes one which is meritorious of an award of attorney fees." Decision at 26.

This misrepresentation of the district court's decision—exacerbated by repetition—speaks for itself. It is worth observing, however, that not only does E-Pass attempt to paint the district court's finding as applying to all defendants-appellees when it clearly does not, it also mischaracterizes the finding itself. The district court did not, as E-Pass argues, "specifically f[i]nd" that E-Pass's pre-filing investigation was sufficient as to any defendant-appellee, including Visa International. Rather, the district court merely found that whether or not the "minimalist pre-filing investigation" conducted was sufficient, any question as to its sufficiency was overcome by E-Pass's numerous acts of litigation misconduct.

Another misrepresentation relates to the legal standard for exceptionality identified by E-Pass. In its opening brief, E-Pass argued that the cases it filed against the defendants-appellees were not exceptional because its claims of infringement were "at least reasonably disputable." E.g., E-Pass's Opening Br. at 29. In its reply brief, however, E-Pass went further, arguing that the cases were not exceptional because it did not bring the litigation in bad faith and the litigation was not objectively baseless. In support of its argument, E-Pass stated unequivocally that "[t]he standard for an exceptional case finding is whether the case was brought in subjective bad faith and the litigation was objectively baseless." E-Pass's Reply Br. at 29 (citing Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1322 (Fed. Cir. 2006)); see also id. at 30 ("Therefore, any shift in legal theory itself does not make this case exceptional since it was not done in subjective bad faith nor was it objectively baseless."). This is

2008-1144,-1145,-1146,-1470,
   1471,-1472                                8

not the law.  Serio-US Industries, cited by E-Pass for this erroneous proposition, actually begins with an important condition: "Absent misconduct in the litigation or in securing the patent, a trial court may only sanction the patentee if both the litigation is brought in subjective bad faith and the litigation is objectively baseless."  459 F.3d at 1322 (emphasis added).  E-Pass made this same misrepresentation earlier, in its opening brief, by citing Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378, 1384 (Fed. Cir. 2005), for the proposition that an infringement action is not exceptional so long as the infringement "can reasonably be disputed."  E-Pass's Opening Br. at 28.  However, E-Pass omits Brooks' recitation of the same condition stated in Serio-US Industries, of "[a]bsent misconduct in conduct of the litigation."  Brooks, 393 F.3d at 1381.

E-Pass's omission of this condition might be of lesser consequence if litigation misconduct were not at issue in this case.  But litigation misconduct is a central issue— the district court specifically concluded that E-Pass had engaged in repeated litigation misconduct, including, in particular, its shifting legal theories.  See, e.g., Decision at 29 ("E-Pass's allegations of inducing infringement against PalmSource have also changed over time."); id. at 33 ("Throughout the litigation, defendants were forced to expend resources merely to attempt to have E-Pass clearly define its claims.").  It is difficult to view E-Pass's omission of the critical portion of the legal standard applicable to it as anything other than an attempt to mislead the court.  Like E-Pass's misrepresentation of the district court's findings, this selective citation of the law is exacerbated by repetition.

For all of the reasons set forth above, taken collectively, we conclude that E-Pass's appeal as to PalmSource is frivolous.  Assuming for the sake of argument that E-

Pass did make a non-frivolous (yet ultimately unmeritorious) argument, it would not change our determination that the appeal as a whole is frivolous. "We have held that even the presence of a few non-frivolous arguments does not prevent an appeal as a whole from being deemed frivolous." Romala, 927 F.2d at 1224 (citing In re Perry, 918 F.2d 931, 934-35 (Fed. Cir. 1990) ("When an appeal is a 'complete loser,' most of which is 'patently groundless,' sanctions should be imposed under Rule 38.")). The tactics employed by E-Pass in this appeal, including both the misrepresentations made and the failure to cogently identify any reversible error of the district court, far outweigh any non-frivolous argument that may be lurking in its briefs.

Consequently, we grant PalmSource's motion for sanctions, although not the amount requested by PalmSource.[4]  Rather, we impose a sanction equal to the amount of fees PalmSource incurred in defending this appeal, including the filing of the motion for sanctions.  Accordingly, PalmSource is directed to file with this court a claim for reasonable attorneys' fees incurred in the defense of this appeal, including the motion for sanctions, together with supporting documentation, within fifteen (15) days of the date of this opinion.  E-Pass shall have five (5) days from the date PalmSource files its submission with the court to file any objection thereto.  "[S]ince our conclusion of frivolity rests not only on the filing of the appeal but also on the frivolous nature of the advocacy

---

[4]      PalmSource requests "an amount equal to the amount that E-Pass has paid its attorneys since the date upon which PalmSource's judgment would have become final and unappealable absent this appeal."    PalmSource's Motion for Sanctions at 3-4.  Whatever the motivation might have been for PalmSource to make such an unusual request, we see no valid reason here to award a sanction based on fees paid to opposing counsel.  See State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1581 (Fed. Cir. 1991) (noting amount of sanction under Rule 38 is within our discretion).

in support of it, we consider the attorney who wrote and signed the briefs to be equally responsible." State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1582 (Fed. Cir. 1991).    As a result, we hold E-Pass's counsel jointly and severally liable for the sanctions.

### III.  CONCLUSION

PalmSource's    motion   for   sanctions   is   <u>GRANTED</u>,   and   a   sanction   of PalmSource's reasonable attorneys' fees is awarded against E-Pass and its counsel, jointly and severally.

# United States Court of Appeals for the Federal Circuit

2008-1144, -1145, -1146, -1470, -1471, -1472

E-PASS TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

3COM CORPORATION (also known as 3COM, Inc.),
PALM, INC., PALMONE, INC. and HANDSPRING, INC.,

Defendants-Appellees,

and

VISA INTERNATIONAL SERVICE ASSOCIATION and VISA U.S.A., INC.,

Defendants-Appellees,

and

ACCESS SYSTEMS AMERICAS, INC. (formerly Palmsource, Inc.),

Defendant-Appellee.

Appeals from the United States District Court for the Northern District of California
in case nos. 00-CV-2255, 03-CV-4747 and 04-CV-0528,
Senior Judge D. Lowell Jensen

BRYSON, Circuit Judge, dissenting.

While I do not take issue with most of the majority's criticisms of the appellant's presentation in this court, I would not impose sanctions. It is true that E-Pass did not do a good job of identifying those issues on appeal that apply to Palmsource or explaining why particular issues apply to Palmsource despite its seeming lack of involvement in the underlying transactions. However, there is at least one issue as to which E-Pass specifically named Palmsource and as to which it is reasonable for E-Pass to pursue an

appeal against Palmsource.  That is the issue of whether the district court abused its discretion in awarding fees for periods prior to the alleged misconduct by E-Pass on which the fee award was based.  On page 37 of its opening brief, E-Pass asserted that "[t]he District Court's award of PalmSource's and the Visa Defendants' attorneys' fees starting from the inception of their respective cases was unreasonable and an abuse of discretion."   Instead of that fee award, E-Pass argued (page 38), "[t]he District Court should have apportioned the fees and awarded only those fees incurred after E-Pass should have dropped the suit, presumably once E-Pass failed to uncover instances of direct infringement."  I disagree with the majority to the extent that it charges that E-Pass failed to identify any reasonable ground for appeal as to Palmsource.   As the above-quoted passage indicates, E-Pass identified one such ground.  Although we ultimately rejected that argument on the merits, I do not regard it as so frivolous that it warrants the imposition of sanctions.

As to the misrepresentations in E-Pass's brief, I agree that certain statements in the brief strayed beyond the limits of fair advocacy and into the realm of falsehood.  In particular, the district court's comment, with respect to Visa International, that "E-Pass' minimalist pre-filing investigation in and of itself, may not make this case exceptional" cannot fairly be characterized as a finding by the court that, as E-Pass puts it, "E-Pass's pre-filing investigation was sufficient to avoid making the case exceptional."   The mischaracterization is particularly problematic because, even though the district court's statement applied only to Visa International, E-Pass at one point included its characterization of the district court's statement in a passage that references both Palmsource and the Visa defendants.

The other instances of misleading conduct pointed out by the majority are not as serious. The majority faults E-Pass for providing the court with a truncated version of the standard to be used in determining whether a district court may sanction a party by imposing attorney fees. It is true that at page 29 of its reply brief E-Pass used a shorthand version of the standard that omitted an important condition. But earlier in the same reply brief (page 15) E-Pass cited the same authority, and in that reference it set forth the standard with the condition expressly included. It plainly would have been preferable to include the condition in both places, but the inclusion of the condition in connection with the first reference to the cited authority mitigates the effect of omitting it in the later reference.

The majority asserts that E-Pass made the same mistake on page 28 of its opening brief when it argued that "[s]o long as the infringement 'can reasonably be disputed,' the infringement action is not exceptional in terms of section 285." That proposition was included in a portion of E-Pass's opening brief that was directed to the question whether litigation was brought in bad faith, and E-Pass cited a case that addressed that issue. See Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). In the portion of that case cited by E-Pass, we stated: "Bringing an infringement action does not become unreasonable in terms of [section] 285 if the infringement can reasonably be disputed." Id. at 1384. Although it is true that the Brooks Furniture case articulated the complete exceptional case standard—including the "[a]bsent misconduct in the litigation" condition—a few pages before the passage quoted by E-Pass, I do not consider E-Pass's citation to Brooks Furniture in the context of the issue being discussed at that point in the brief to be misleading. That

is particularly so inasmuch as E-Pass's opening brief elsewhere (pages 24 and 37) acknowledged that litigation misconduct is a proper basis for an exceptional case determination and cited another one of our cases, Beckman Instruments, Inc. v. LKB Produktor AB, 892 F.2d 1547 (Fed. Cir. 1989), for that proposition.

As I see it, then, the question for us is whether sanctions should be imposed because of an unduly aggressive characterization of a comment by the district court, a failure to provide the full text of an applicable legal test on the second occasion that the test was set forth, and a failure to explain whether only one issue on appeal was applicable to Palmsource, or if more than one issue was applicable to Palmsource, what the legal basis for Palmsource's liability would be. Accepting that in those regards E-Pass's briefs on appeal fell short of the standards we expect of counsel in this court, I nonetheless conclude that the shortfall is not so egregious as to call for the imposition of sanctions.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: APR 27, 2009